## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JAMES OBERGEFELL;<br>JOHN ARTHUR;<br>DAVID BRIAN MICHENER; and<br>ROBERT GRUNN;<br><br>       Plaintiffs – Appellees,<br><br><br>v.<br><br>LANCE D. HIMES, in his official<br>capacity as the Interim Director of the<br>Ohio Department of Health;<br><br>       Defendant – Appellant,<br><br>and<br><br>CAMILLE JONES;<br><br>       Defendant. | **No. 14-3057** |

## MOTION TO INTERVENE
## AND PARTICIPATE IN ORAL ARGUMENT

Roberta A. Kaplan, Esq.
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
rkaplan@paulweiss.com

Alan B. Morrison, Esq.
GEORGE WASHINGTON
UNIVERSITY LAW SCHOOL
2000 H Street, N.W.
Washington, DC 200252
(202) 994-7120
abmorrison@law.gwu.edu

Thomas D. Warren, Esq.
BAKER & HOSTETLER LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
(216) 621-0200
twarren@bakerlaw.com

Attorneys for Proposed Intervenors

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 14-3057 _____    Case Name: Obergefell v. Himes _____

Name of counsel: Roberta Kaplan _____

Pursuant to 6th Cir. R. 26.1, Equality Ohio _____
_____ *Name of Party*

makes the following disclosure:

1.   Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

> No.

2.   Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

> No.

---

### CERTIFICATE OF SERVICE

I certify that on _____ April 23, 2014 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Roberta Kaplan _____

_____

_____

---

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 14-3057          Case Name: Obergefell v. Himes

Name of counsel:  Roberta Kaplan

Pursuant to 6th Cir. R. 26.1, Equality Ohio Education Fund

*Name of Party*

makes the following disclosure:

1.     Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

> No.

2.     Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

> No.

### CERTIFICATE OF SERVICE

I certify that on _____ April 23, 2014 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Roberta Kaplan

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

# TABLE OF CONTENTS

**Page**

Table of Contents.................................................................i

Table of Authorities .............................................................ii

Preliminary Statement ...........................................................2

**I.     Intervention as of Right**...........................................6

    A.     Timeliness of the Application to Intervene .....................7

    B.     Substantial Interest of the Proposed Intervenors .............9

    C.     Impairment in the Absence of Intervention...................11

    D.     Representation .................................................12

**II.    Permissive Intervention**.........................................13

    A.     Common Question of Law .....................................13

    B.     Delay/Prejudice ...............................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adoption of Doe,*
  719 N.E.2d 1071 (Ohio Ct. App. 1998) ..........................................10, 11

*Antilles Cement Corp.* v. *Acevedo Vila,*
  408 F.3d 41 (1st Cir. 2005) ................................................................. 5

*Associated Builders & Contractors, Saginaw Valley Area*
  *Chapter* v. *Perry,*
  115 F.3d 386 (6th Cir. 1997) ............................................................... 1

*Davis* v. *Prison Health Servs.,*
  679 F.3d 433 (6th Cir. 2012) .......................................................... 2, 3

*Equality Found. of Greater Cincinnati, Inc.* v. *City of*
  *Cincinnati,*
  128 F.3d 289 (6th Cir. 1997) ............................................................... 3

*Food & Drug Admin.* v. *Brown & Williamson Tobacco Corp.,*
  529 U.S. 120 (2000) ............................................................................ 5

*Hatton* v. *Cnty. Bd. of Educ. of Maury Cnty., Tenn.,*
  422 F.2d 457 (6th Cir. 1970) ............................................................... 5

*Jordan* v. *Michigan Conference of Teamsters Welfare Fund,*
  207 F.3d 854 (6th Cir. 2000) ............................................................... 7

*Marino* v. *Ortiz,*
  484 U.S. 301 (1988) .......................................................................... 15

*McKenna* v. *Pan Am. Petroleum Corp.,*
  303 F.2d 778 (5th Cir. 1962) ........................................................14, 15

*Michigan State AFL-CIO* v. *Miller,*
  103 F.3d 1240 (6th Cir. 1997) ............................................. 6, 7, 11, 12

*Ne. Ohio Coal. for Homeless & Serv. Empls. Int'l Union, Local*
   *1199* v. *Blackwell,*
   467 F.3d 999 (6th Cir. 2006) .................................................................. 6

*Obergefell* v. *Wymyslo,*
   962 F. Supp. 2d 968 (S.D. Ohio 2013) .................................................. 3

*Penobscot Nation* v. *Mills,*
   1:12-CV-254-GZS, 2013 WL 3098042
   (D. Me. June 18, 2013) ........................................................................ 14

*Romer* v. *Evans,*
   517 U.S. 620 (1996) .................................................................. 4, 9, 11

*Rutherford* v. *Columbia Gas,*
   575 F.3d 616 (6th Cir. 2009) .................................................................. 3

*Scarborough* v. *Morgan Cnty. Bd. of Educ.,*
   470 F.3d 250 (6th Cir. 2006) .................................................................. 3

*SmithKline Beecham Corp.* v. *Abbott Labs.,*
   740 F.3d 471 (9th Cir. 2014) .................................................................. 3

*Stotts* v. *Memphis Fire Dep't,*
   679 F.2d 579 (6th Cir. 1982) ................................................................ 13

*United States* v. *City of Detroit,*
   712 F.3d 925 (6th Cir. 2013) ................................................................ 13

*United States* v. *Windsor,*
   133 S.Ct. 2675 (2013) ................................................................. passim

*Vassalle* v. *Midland Funding LLC,*
   708 F.3d 747 (6th Cir. 2013) ................................................................ 13

*Windsor* v. *United States,*
   699 F.3d 169 (2d Cir. 2012) ............................................... 3, 10, 11, 15

*Windsor* v. *United States,*
   833 F. Supp. 2d 394 (S.D.N.Y. 2012) .................................................. 15

**Statutes**

Ohio Rev. Code Ann. § 145.45(B) ............................................................ 10

Ohio Rev. Code Ann. § 742.63(B) ............................................................ 10

Ohio Rev. Code Ann. § 2105.06 .............................................................. 11

Ohio Rev. Code Ann. § 2106.01 .............................................................. 11

Ohio Rev. Code Ann. § 2113.06(A) .......................................................... 11

Ohio Rev. Code Ann. § 2133.08(B) .......................................................... 11

Ohio Rev. Code Ann. § 3107.03 .............................................................. 10

Ohio Rev. Code Ann. § 5747.08(E) .......................................................... 10

**Other Authorities**

6th Cir. R. 34(e) ...................................................................................... 1

Fed. R. Civ. P. 24 ............................................................................. 5, 6, 13

Ohio Const. art XV, § 11 ................................................................. 2, 4, 10

Ohio Pub. Emp. Ret. Sys., Monthly Benefits ........................................ 10

Ohio Dep't of Taxation, Individual Income Tax: Who Must File .............. 10

This motion is being filed by the LGBT advocacy organizations Equality Ohio and the Equality Ohio Education Fund, and by four gay and lesbian couples who live in Ohio (the "Proposed Intervenors"). They respectfully move this Court for leave to intervene and participate in oral argument in the above-captioned appeal. Pursuant to 6th Cir. R. 34(e), the Proposed Intervenors have sought consent from the parties to the relief sought by this motion; Appellant has consented, while Appellees have not.

The Proposed Intervenors understand that intervention at this stage, while authorized, is relatively rare. *See Associated Builders & Contractors, Saginaw Valley Area Chapter* v. *Perry*, 115 F.3d 386, 391 (6th Cir. 1997) ("The existence of a substantial unsettled question of law is a proper circumstance for allowing intervention and appeal."). In this case, however, it is appropriate. The Proposed Intervenors seek intervention (1) to address significant constitutional issues that are more properly reviewed en banc; (2) to demonstrate that certain provisions of Ohio law constitute independent, grievous violations of the Fourteenth Amendment's guarantee of equal protection, violations that have not been addressed by the Plaintiffs; and (3) to represent additional interests not shared by the Plaintiffs and seek vindication of interests not sought by the Plaintiffs.

## Preliminary Statement

Equality Ohio and the Equality Ohio Education Fund were founded in response to the passage of Ohio Issue 1, now codified as article XV, section 11 of the Ohio Constitution, the Ohio amendment discriminating against gay people, and have continuously advocated for its repeal. Equality Ohio and the Equality Ohio Education Fund are joined as Proposed Intervenors by four couples in committed, long-term relationships, who seek to marry in Ohio. Timothy Broud and Richard Moore are an unmarried gay couple who have been in a relationship for twenty-two years. (Broud Decl. ¶ 4.) Angela Wellman and Julie Lamere are an unmarried lesbian couple who have been in a relationship for eleven years. (Wellman Decl. ¶ 4.) Tara Kay Robertson and Sarah Ruth Marshall are an unmarried lesbian couple who have been in a relationship for four years. (Robertson Decl. ¶ 4.) Joel Diaz and Craig Scheidler are an unmarried gay couple who have been in a relationship for fourteen months. (Diaz Decl. ¶ 4.)

The Sixth Circuit has held that laws that discriminate against gay people are evaluated under the lowest tier of equal protection scrutiny, known as the rational basis standard. *See Davis* v. *Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) ("Because this court has not recognized sexual orientation as a suspect classification, Davis's claim is governed by rational

2

basis review."); *Scarborough* v. *Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 261 (6th Cir. 2006) ("[H]omosexuality is not a suspect class in this circuit. . . ."); *Equality Found. of Greater Cincinnati, Inc.* v. *City of Cincinnati*, 128 F.3d 289, 294 (6th Cir. 1997) (applying rational basis test "for the evaluation of laws which uniquely burdened the interest of homosexuals."). The Proposed Intervenors believe, however, that in light of recent decisions by the Supreme Court and courts of appeal around the country, a heightened level of scrutiny should apply when evaluating laws affecting gay people. This position has been adopted by other federal courts of appeal, and by the district court below. *See SmithKline Beecham Corp.* v. *Abbott Labs.*, 740 F.3d 471, 480-84 (9th Cir. 2014); *Windsor* v. *United States*, 699 F.3d 169, 185 (2d Cir. 2012); *Obergefell* v. *Wymyslo*, 962 F. Supp. 2d 968, 987 (S.D. Ohio 2013).

The Sixth Circuit should avail itself of this opportunity to overturn this earlier precedent through en banc review. *See Rutherford* v. *Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) ("A published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" (quoting *Salmi* v. *Sec'y of Health & Human Servs.*, 774 F.3d 685, 689 (6th Cir. 1985))).

3

The Proposed Intervenors also seek intervention to address the

extraordinary and unconstitutional breadth of the constitutional and statutory

prohibitions in Ohio, particularly article XV, section 11 of the Ohio

Constitution, which states:

> Only a union between one man and one woman may be a
> marriage valid in or recognized by this state and its political
> subdivisions. This state and its political subdivisions shall not
> create or recognize a legal status for relationships of unmarried
> individuals that intends to approximate the design, qualities,
> significance or effect of marriage.

Ohio Const. art XV, § 11. Thus, the Ohio Constitution impermissibly

discriminates against gay and lesbian couples not only by denying their right

to marry, but—even more outrageously—by denying them legal recognition

*in any form whatsoever*, thus going far beyond simply prohibiting marriages

between gay people. While prohibiting gay couples from marrying is

unquestionably unconstitutional, preventing gay people from ever obtaining

any rights as committed couples—at any time and in any circumstances—is

separately an egregious constitutional violation that should be fully

presented to this Court. *See Romer* v. *Evans*, 517 U.S. 620, 632 (1996)

(holding unconstitutional an amendment to the Colorado constitution that

"has the peculiar property of imposing a broad and undifferentiated

disability on a single named group [of gays and lesbians]"); *United States* v.

*Windsor*, 133 S.Ct. 2675, 2693 (2013) (holding unconstitutional a provision

4

of the Defense of Marriage Act because "[t]he Constitution's guarantee of equality must at the very least mean that a bare congressional desire to harm a politically unpopular group cannot justify disparate treatment of that group" (citation and internal quotation marks omitted)). The proceedings below did not address this specific constitutional flaw, or the related statutory provisions. However, as with any constitutional challenge, Ohio's statutory and constitutional provisions must be examined by the Court as a whole, and not merely as isolated sections. *See Food & Drug Admin.* v. *Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).

### **The Proposed Intervenors Should Be Permitted to Intervene**

Intervention is appropriate here, particularly in light of the Sixth Circuit's liberal standard for intervention. *See Hatton* v. *Cnty. Bd. of Educ. of Maury Cnty., Tenn.*, 422 F.2d 457, 461 (6th Cir. 1970) ("Although the interest claimed is of a general and indefinite character, it would seem to the Court to be sufficient to permit intervention under the liberal construction of the Rule [24]."); *see also Antilles Cement Corp.* v. *Acevedo Vila*, 408 F.3d 41, 45 (1st Cir. 2005) ("A federal court of appeals has broad discretion to grant or deny intervention at the appellate level.").

When assessing whether intervention at the appellate level is proper, the courts appropriately look to Fed. R. Civ. P. 24. Although Federal Rule

5

of Civil Procedure 24 pertains by its terms only to proceedings in the district court, this Court has applied it to decide motions to intervene on appeal. *See Ne. Ohio Coal. for the Homeless & Serv. Empls. Int'l Union, Local 1199* v. *Blackwell*, 467 F.3d 999, 1007 n.2 (6th Cir. 2006) ("As to the motion to intervene in appeal No. 06-4412, we apply [Rule 24] ourselves in the first instance."). Accordingly, the Proposed Intervenors move to intervene as of right, under Fed. R. Civ. P. 24(a), or, in the alternative, to intervene permissively under Fed. R. Civ. P. 24(b).

## I.    Intervention as of Right

Under the standard for intervention as of right under Fed. R. Civ. P. 24(a)(2), a "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Here, the interest of the Proposed Intervenors in establishing that Ohio law violates the Equal Protection Clause and that heightened scrutiny applies to laws discriminating against gay people is both clear and sufficient to warrant intervention.

When deciding a motion for intervention as of right under Fed. R. Civ. P. 24(a), courts consider the following factors: "(1) timeliness of the

6

application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO* v. *Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co.* v. *Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)). As discussed below, each of these factors weighs heavily in favor of intervention by the Proposed Intervenors here.

      A.    Timeliness of the Application to Intervene

When evaluating timeliness, the Sixth Circuit applies five factors: "1) the point to which the suit has progressed; 2) the purpose for which the intervention is sought; 3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention, and 5) the existence of unusual circumstances militating against or in favor of intervention." *Jordan* v. *Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000).

Here, although appellate briefing in the instant case has proceeded, the issue of en banc review by the Sixth Circuit did not arise until April 15,

2014, when the *Obergefell* plaintiffs sought to prevent en banc review by the Sixth Circuit in *DeBoer*. Brief for Obergefell et al. as Amici Curiae Supporting Plaintiff-Appellees, *DeBoer* v. *Snyder*, No. 14-1341 (6th Cir. April 15, 2014), ECF No. 34. The Proposed Intervenors announced their intention to intervene due to the issue of en banc review just two days later, Letter of Equality Ohio and Equality Ohio Education Fund, *Obergefell* v. *Himes*, No. 14-3057 (6th Cir. April 17, 2014), ECF No. 31, and the instant motion followed promptly thereafter. Further, the question of en banc review by the Sixth Circuit of the issues surrounding civil equality for gay people was not raised by any party until April 4, 2014, when it was sought by the appellant in *DeBoer* v. *Snyder*. Petition for Initial En Banc Hearing, *DeBoer* v. *Snyder*, No. 14-1341 (6th Cir. April 4, 2014), ECF No. 27. The potential of en banc review, which is of paramount importance to the Proposed Intervenors, was therefore not fully present until earlier this month—and the Proposed Intervenors acted quickly and decisively to preserve their rights.

The participation of the Proposed Intervenors will not prejudice any of the existing parties to the litigation, and the Court would benefit from a discussion of the appropriate level of scrutiny for laws that discriminate against gay people, and of why en banc review of this issue is appropriate.

8

B.    Substantial Interest of the Proposed Intervenors

The Proposed Intervenors clearly have a substantial interest in obtaining en banc review so that the Court can reexamine the appropriate level of scrutiny to apply when evaluating laws that discriminate against gay people. The Proposed Intervenors suffer a wide range of harms resulting from the discrimination against gay couples written into the Ohio Constitution and related statutes. While the Proposed Intervenors believe that the discriminatory Ohio laws at issue do not satisfy even rational basis scrutiny, the application of heightened scrutiny to equal protection challenges will aid the Proposed Intervenors in their efforts to obtain full civil equality for gay people.

Additionally, the Proposed Intervenors have a greater array of interests affected by Ohio's discriminatory laws than the present plaintiffs, who merely seek to obtain legal recognition of out-of-state marriages for the purpose of death certificates. The Proposed Intervenors seek more than the recognition of out-of-state marriages for the limited purposes sought by plaintiffs. Rather, they seek equal dignity for all gay and lesbian relationships, as mandated by the Supreme Court in *United States* v. *Windsor*, 133 S.Ct. 2675, 2696 (2013), and the overturning of all Ohio laws that discriminate against gay people, as provided by the Supreme Court in

*Romer* v. *Evans*, 517 U.S. 620, 635-36 (1996). Specifically, the Proposed

Intervenors' brief will demonstrate that article XV, section 11 of the Ohio

Constitution, and related statutory laws, unconstitutionally discriminate

against gay people.

In *Windsor*, the Supreme Court explicitly recognized the "equal

dignity" of the "intimate relationship between two people, a relationship

deemed by the State worthy of dignity in the community . . . ." 133 S.Ct. at

2692-93. The Supreme Court reached this conclusion in the process of

invalidating the "restrictions and disabilities" placed upon gay and lesbian

couples by the Defense of Marriage Act. *Id*. at 2692, 2695-96. The Ohio

laws at issue burden gay and lesbian couples living in Ohio in a directly

analogous way by, for example, interfering with their rights to file taxes

jointly,[1] to receive benefits under the state public pension system,[2] to adopt

or serve as legal guardian of a partner's child,[3] to receive inheritance

---

[1] *See, e.g.*, Ohio Rev. Code Ann. § 5747.08(E); Ohio Dep't of Taxation, Individual Income Tax: Who Must File, *available at* http://www.tax.ohio.gov/ohio_individual/ individual/who_must_file.aspx (explaining that gay and lesbian couples who file federal income taxes jointly must still file Ohio state income taxes separately).

[2] *See, e.g.*, Ohio Rev. Code Ann. § 145.45(B) (providing benefits to "qualified beneficiaries," including a surviving spouse); Ohio Pub. Emp. Ret. Sys., Monthly Benefits, *available at* https://www.opers.org/members/traditional/benefits/monthly.shtml (limiting "qualified beneficiaries" to a surviving spouse, child, or dependent parent); Ohio Rev. Code Ann. § 742.63(B) (statutory death benefit for surviving spouse of public safety officer killed in the line of duty).

[3] *See, e.g.*, Ohio Rev. Code Ann. § 3107.03 (allowing two people to adopt a child together only where they are "husband and wife"); *In re Adoption of Doe*, 719 N.E.2d

10

protections,[4] and to make medical decisions for a partner.[5]  In light of

*Windsor*, such restrictions and disabilities imposed on gay and lesbian

couples cannot stand.

The Ohio laws at issue here also clearly run afoul of the Supreme

Court's decision in *Romer* v. *Evans*.  517 U.S. 620 (1996).  *Romer* prohibits

as unconstitutional statutes intended to prevent all forms of legal protection

for gay people.  *Id*. at 629, 635-36.  In parallel to the law at issue in *Romer*,

the Ohio laws here "withdraw[] from homosexuals, but no others, specific

legal protection. . . ."  *Id*. at 627.

Given the above, the Proposed Intervenors certainly have a substantial

interest in the outcome of the litigation, as the decision here will impact a

wide variety of rights, many of which have not been fully briefed.

C.    Impairment in the Absence of Intervention

"[A] would-be intervenor must only show that impairment of its

substantial legal interest is possible if intervention is denied.  This burden is

minimal."  *Michigan State AFL-CIO* v. *Miller*, 103 F.3d 1240, 1247 (6th

Cir. 1997) (internal citation omitted).  The Proposed Intervenors easily

---

1071 (Ohio Ct. App. 1998) (prohibiting "second parent" adoption by lesbian partner of
child's biological mother).
[4] *See, e.g.*, Ohio Rev. Code Ann. § 2105.06 (scheme of intestate succession); Ohio Rev.
Code Ann. § 2106.01 (elective share of surviving spouse); Ohio Rev. Code Ann.
§ 2113.06(A) (appointment of administrator of intestate estate).
[5] *See, e.g.*, Ohio Rev. Code Ann. § 2133.08(B) (regarding who may consent to withhold
or withdraw life-sustaining treatment).

satisfy this standard.  The interest of the Proposed Intervenors would be substantially impaired in the absence of intervention.  No other case offers the Proposed Intervenors the opportunity both to obtain en banc review of the important constitutional issues presented by this case and to right the ongoing injury suffered by the Proposed Intervenors.  If the Proposed Intervenors were to file an original action, it would likely be stayed pending the final disposition of this case and otherwise would be a duplicative waste of judicial time and resources.

      D.    <u>Representation</u>

Under governing law, "one is not required to show that the representation will in fact be inadequate," only "that the representation may be inadequate." *Michigan State*, 103 F.3d at 1247.  This minimal standard is easily met.  Here, the Proposed Intervenors represent a far broader array of interests than the current plaintiffs.  While the present plaintiffs seek only the legal recognition of out-of-state marriages, the Proposed Intervenors seek relief from a wide range of harms resulting from the discriminatory Ohio laws.  Further, in explicit contrast to the plaintiffs here, the Proposed Intervenors seek to obtain en banc review by the Sixth Circuit of the appropriate level of scrutiny for evaluating laws that discriminate against gay people.

For all of these reasons, the Proposed Intervenors seek intervention as of right.

## II.    **Permissive Intervention**

When deciding a motion for permissive intervention under Fed. R. Civ. P. 24(b), a court "consider[s] two factors: (1) whether the proposed intervenor 'has a claim or defense that shares with the main action a common question of law or fact'; and (2) 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Vassalle* v. *Midland Funding LLC*, 708 F.3d 747, 760 (6th Cir. 2013) (quoting Fed. R. Civ. P. 24(b)). The five timeliness factors discussed above—which weigh in favor of intervention here—also apply to permissive intervention. *See Stotts* v. *Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982); *United States* v. *City of Detroit*, 712 F.3d 925, 930 n.3 (6th Cir. 2013).

### A.    Common Question of Law

As discussed above, a common question of law exists because the appropriate level of scrutiny applied to evaluate laws that discriminate against gay people will affect not only the parties to this case, but also the interests of the Proposed Intervenors. In effect, the decision in this case, and the concomitant determination of law made by the Sixth Circuit, will shape

13

future cases brought by the Proposed Intervenors seeking to advance and defend the civil rights of gay people.

B.     Delay/Prejudice

The participation of the Proposed Intervenors will not cause any undue delay that would in any way impair the rights of the parties to this appeal.  The Proposed Intervenors will adhere to the schedule established by the Court and file their brief on the same day as appellees, May 13, 2014. Additionally, as previously discussed, the participation of the Proposed Intervenors will not prejudice any of the existing parties, and the Court would benefit from the fuller discussion of the issues provided by the Proposed Intervenors.  *See also Penobscot Nation* v. *Mills*, 1:12-CV-254-GZS, 2013 WL 3098042, at *5 (D. Me. June 18, 2013) ("[T]he addition of [Intervenors] will add value to this litigation.   Where the applicant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues, permissive intervention is favored." (citation and internal quotation marks omitted)).

\*          \*          \*

For the reasons set forth above, this is an "exceptional case" in which the Proposed Intervenors have presented "imperative reasons" for intervention.  *See McKenna* v. *Pan Am. Petroleum Corp.*, 303 F.2d 778 (5th

14

Cir. 1962); *see also Marino* v. *Ortiz*, 484 U.S. 301, 304 (1988) ("[W]hen the nonparty has an interest that is affected by the trial court's judgment . . . the better practice is for such a nonparty to seek intervention for purposes of appeal." (citation and internal quotations marks omitted)). Here, the Proposed Intervenors meet all the requirements to intervene as of right or to permissively intervene, all discretionary factors weigh heavily in favor of intervention, and there is no doubt that the Proposed Intervenors can provide the Court with a valuable and unique perspective and argument. In addition, in a case of this significance and importance, which has the potential to shape the trajectory of the quest of gay people for full civil equality, having greater participation by affected parties and greater airing of the issues can only benefit this Court by providing the widest range of arguments and perspectives available.

The Proposed Intervenors are represented on a *pro bono* basis by Roberta Kaplan and the law firm, Paul, Weiss, Rifkind, Wharton & Garrison LLP, who represented Edith Windsor in *United States* v. *Windsor*. *United States* v. *Windsor*, 133 S. Ct. 2675 (2013); *Windsor* v. *United States*, 699 F.3d 169 (2d Cir. 2012); *Windsor* v. *United States*, 833 F. Supp. 2d 394 (S.D.N.Y. 2012).

The Proposed Intervenors request that Roberta Kaplan, the lawyer who filed the *Windsor* case in the Southern District of New York and argued that case before the United States Court of Appeal for the Second Circuit and the United States Supreme Court, participate in oral argument on behalf of the Proposed Intervenors.  If this Court denies the Proposed Intervenors' request for either intervention as of right or permissive intervention, the Proposed Intervenors intend to file their proposed intervenor brief as a brief *amici curiae*, and to petition the Court for leave to participate in oral argument as *amici curiae*.

## Conclusion

For all the foregoing reasons, the Court should grant the Proposed Intervenors' motion to intervene and participate in oral argument on behalf of the Proposed Intervenors.

Dated: April 23, 2014

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

/s/ Roberta A. Kaplan

Roberta A. Kaplan, Esq.
Jaren Janghorbani, Esq.
Joshua D. Kaye, Esq.
Jacob H. Hupart, Esq.
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
rkaplan@paulweiss.com


BAKER & HOSTETLER LLP

Thomas D. Warren, Esq.
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482
(216) 621-0200
twarren@bakerlaw.com

Alan B. Morrison, Esq.
George Washington University Law School
2000 H Street, N.W.
Washington, D.C. 20052
(202) 994-7120
abmorrison@law.gwu.edu

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES OBERGEFELL;<br>JOHN ARTHUR;<br>DAVID BRIAN MICHENER; and<br>ROBERT GRUNN;<br><br>        Plaintiffs - Appellees,<br><br>v.<br>LANCE D. HIMES, in his official<br>capacity as the Interim Director of the Ohio<br>Department of Health;<br><br>        Defendant – Appellant,<br><br>and<br><br>CAMILLE JONES;<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **No. 14-3057** |

## DECLARATION OF TIMOTHY BROUD IN SUPPORT OF
## <u>MOTION TO INTERVENE</u>

TIMOTHY BROUD, declares under penalty of perjury, pursuant to

28 U.S.C. § 1746, as follows:

1.    I have personal knowledge of the facts stated herein.  I am submitting this

affidavit in support of the motion to intervene.

2.    I reside in Toledo, Ohio, and I have lived in Ohio my entire life.  I grew up

in Wellington, Ohio.  I am 44 years old.

3.    I recently graduated from Lourdes University with a Master's Degree in Organizational Leadership, and am currently looking for new opportunities.

4.    My partner, Richard Moore, and I have been involved for more than twenty-two years.  We have been in a committed relationship for almost six years.  We intend to get married.

5.    Richard grew up in Bowling Green, Ohio, and has also lived in Ohio his entire life.  He is 46 years old.

6.    Richard works at Principle Business Enterprises, a company focused on adult incontinence products.  He has worked there for about fifteen years.

7.    I have had major health issues in the past.  Richard has always been there for me when I was in the hospital.  Yet many hospitals would not speak to Richard about my treatment, because he was not legally my spouse—and nor could he become my spouse in Ohio.  In the future, we look forward to having medical personnel treat us with respect and dignity—and as one another's spouse.


        In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.


Executed on April 21, 2014.

Timothy Broud

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JAMES OBERGEFELL;<br>JOHN ARTHUR;<br>DAVID BRIAN MICHENER; and<br>ROBERT GRUNN;<br><br>        Plaintiffs - Appellees,<br><br>v.<br>LANCE D. HIMES, in his official<br>capacity as the Interim Director of the Ohio<br>Department of Health;<br><br>        Defendant – Appellant,<br><br>and<br><br>CAMILLE JONES;<br><br>        Defendant. | No. 14-3057 |

---

**DECLARATION OF JOEL DIAZ IN SUPPORT OF
MOTION TO INTERVENE**

---

JOEL DIAZ, declares under penalty of perjury, pursuant to

28 U.S.C. § 1746, as follows:

    1.    I have personal knowledge of the facts stated herein.  I am submitting this

affidavit in support of the motion to intervene.

    2.    I reside in Columbus, Ohio, and I have lived in Ohio since 1999, when I

moved here for college.  I grew up in Houston, Texas.  I am 33 years old.

3.     I work as the Chief Development Officer at the AIDS Resource Center of Ohio, which provides health care for HIV-positive individuals, funds HIV prevention, and engages in outreach in the community.

4.     My partner, Craig Scheidler, and I have been in a committed relationship for fourteen months.  We met at a friend's birthday party, and began dating afterwards. We live together in Columbus, near Ohio State University—from which we both graduated.  We became engaged earlier this month, on April 5, 2014, 3 years from when we first met.

5.     Craig grew up in Cincinnati, Ohio, and has lived in Ohio his entire life. He is 23 years old.

6.     Craig works as a Senior Community Director for the March of Dimes, helping to prevent premature birth, birth defects, and infant mortality.

7.     Craig and I share a commitment to the public interest, reflected in both our work and our private lives.  We are active volunteers for the Human Rights Campaign, working to achieve equality for LGBT people everywhere.

8.     Craig and I plan to marry to California, since we are currently unable to do so in Ohio.  We seek to obtain the practical benefits of marriage, including filing joint tax returns.

9.     Craig and I enjoy each other's company, including traveling on the California coastline, and our regular biking excursions.  We look forward to raising a family together.

3

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2014.

_____
                                    Joel Díaz

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JAMES OBERGEFELL;<br>JOHN ARTHUR;<br>DAVID BRIAN MICHENER; and<br>ROBERT GRUNN;<br><br><br>            Plaintiffs - Appellees,<br><br>v.<br>LANCE D. HIMES, in his official<br>capacity as the Interim Director of the Ohio<br>Department of Health;<br><br>            Defendant – Appellant,<br><br>and<br><br>CAMILLE JONES;<br><br>            Defendant. | **No. 14-3057** |

_____

## DECLARATION OF TARA KAY ROBERTSON IN SUPPORT OF
## <u>MOTION TO INTERVENE</u>

_____

       TARA KAY ROBERTSON, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I have personal knowledge of the facts stated herein.  I am submitting this affidavit in support of the motion to intervene.

    2.    I reside in Dayton, Ohio, and I have lived in Ohio my entire life.  I grew up in Englewood, Ohio.  I am 31 years old.

    3.    I work as an auto mechanic for Acura.

4.     My partner, Sarah Ruth Marshall, and I have been in a committed relationship for four years.  We met at a holiday party through mutual friends in the winter of 2009-2010, and have been together ever since.  We participated in a wedding ceremony in October 2012, and registered as domestic partners in Dayton in January 2013.  We intend to be legally married in Ohio as soon as it becomes possible.

5.     Sarah grew up in West Carrollton, Ohio, and has lived in Ohio her entire life.  She is 33 years old.

6.     Sarah works as a firefighter and as a paramedic for Dayton, Ohio.

7.     Sarah and I look forward to obtaining the practical benefits of marriage, including filing taxes jointly.  Additionally, I look forward to being able to obtain spousal benefits from Sarah's health insurance.

8.     Sarah and I enjoy our lives together, with our menagerie of animals, including cats, chickens, and three dogs.

9.     My mother was recently admitted to a hospice, due to the advanced state of her cancer.  I hope to be able to legally marry Sarah while my mother is still alive.


In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.


Executed on April 23, 2014.

Tara Kay Robertson

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES OBERGEFELL;<br>JOHN ARTHUR;<br>DAVID BRIAN MICHENER; and<br>ROBERT GRUNN;<br><br>            Plaintiffs - Appellees,<br><br>v.<br>LANCE D. HIMES, in his official<br>capacity as the Interim Director of the Ohio<br>Department of Health;<br><br>            Defendant – Appellant,<br><br>and<br><br>CAMILLE JONES;<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 14-3057 |

## DECLARATION OF ANGELA WELLMAN IN SUPPORT OF MOTION TO INTERVENE

ANGELA WELLMAN, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I have personal knowledge of the facts stated herein.  I am submitting this affidavit in support of the motion to intervene.

2.      I reside in Columbus, Ohio, and I have lived in Ohio my entire life.  I grew up in Tiffin, Ohio and attended college in Ohio.  I am 39 years old.

3.      I work as a Student Life Coordinator for the Multicultural Center at Ohio State University.

4.      My partner, Julie Lamere, and I have been together for eleven years.  We were introduced at a Super Bowl party in 1997 by a mutual friend.  We started dating in 2003, and entered into a civil union in Vermont in 2005.  We intend to marry in our home state of Ohio.

5.      Julie grew up in Cuyahoga Falls, Ohio, and has also lived in Ohio her entire life.  She is 48 years old.

6.      Julie works in human resources for a private, non-profit organization.

7.      Julie and I are actively engaged in our community, and volunteer at a number of local non-profit organizations.  We enjoy spending time together, and with our dog and cat.

8.      Julie and I look forward to being able to obtain the practical benefits of marriage, including spousal benefits from our employment.


In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.


Executed on April 22, 2014.

_____
Angela R. Wellman

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd of April, 2014, a true, correct and complete copy of the foregoing Motion to Intervene and Participate in Oral Argument was filed with the Court and served on the following via the Court's ECF system:

Alphonse A. Gerhardstein
Jennifer L. Branch
Jacklyn Gonzales Martin
Gerhardstein & Branch
432 Walnut Street, Suite 400
Cincinnati, OH 45202

Lisa Talmadge Meeks
Newman & Meeks
215 E. Ninth Street, Suite 650
Cincinnati, OH 45202

James D. Esseks
Chase Strangio
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Bridget Carty Coontz
Zachary P. Keller
Ryan Lynn Richardson
Ohio Attorney General's Office
30 E. Broad Street, 16th Floor
Columbus, OH 43215

Byron Jeffords Babione
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260

Lawrence J. Joseph
Law Office of Lawrence J. Joseph
1250 Connecticut Avenue, NW
Washington, DC 20036

/s/ Roberta A. Kaplan